UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-03345-RGK-SSC | Date | January 28, 2026 |
| Title | *Ma Jingyi v. Todd M. Lyons et al.* | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Petitioner's *Ex Parte* Application for Temporary Restraining Order [DE 11]

## I. INTRODUCTION

On January 26, 2026, Ma Jingyi ("Petitioner") filed a Writ of Habeas Corpus and the present Application for Temporary Restraining Order ("Application") against Todd M. Lyons, Kristi Noem, Pamela Bondi, the U.S. Department of Homeland Security, and the Executive Office for Immigration Review (collectively, "Respondents"). (ECF Nos. 1, 11.) Petitioner, a noncitizen, is in U.S. Immigration and Customs Enforcement ("ICE") custody.

Petitioner seeks the Court's order that she be released from custody because she alleges Respondents continue to detain her based on false criminal history and other false evidence. For the following reasons, the Court **DENIES** the application.

## II. JUDICIAL STANDARD

To justify *ex parte* relief, the movant must show: (1) "why the . . . ultimate relief requested cannot be calendared in the usual manner[;]" and (2) that he is "without fault in creating the crisis that requires *ex parte* relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

## III. DISCUSSION

Petitioner fails to meet the standard needed to justify *ex parte* relief.

Petitioner must show "why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. [T]he evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. at 492.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-03345-RGK-SSC | Date | January 28, 2026 |
| Title | *Ma Jingyi v. Todd M. Lyons et al.* | | |

Petitioner fails to establish why her *Ex Parte* Application cannot be calendared in the usual manner. It is not clear to the Court why Petitioner, who it is uncertain how long she has been in custody for, requires immediate action through the *ex parte* process to be released from custody. Petitioner alleges no facts that specify why the Court *must* grant her relief by way of the current Application or risk irreparable prejudice should the merits of the Application be heard according to the regular noticed motion procedures. Accordingly, Petitioner fails to meet the first element of the *Mission Power* test, and *ex parte* relief is not justified.

IV.   **CONCLUSION**

For the foregoing reasons, Petitioner's Application is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sh |